Filed: 4/14/2023 2:06 PM
Michael Gould
District Clerk
Collin County, Texas
By Stacy Denny Deputy
Envelope ID: 74664337

CAUSE NO. 219-01902-2023

| | | |
|---|---|---|
| MARIA CABRERA, | § § § | IN THE ___ DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | COLLIN COUNTY, TEXAS |
| COSTCO WHOLESALE CORPORATION AND DEMETRIUS WILEY | § § § § | |
| Defendants. | § § § § | ___ JUDICIAL DISTRICT |

## PLAINTIFF MARIA CABRERA'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARIA CABRERA, hereinafter referred to by name or as Plaintiff, and complains of COSTCO WHOLESALE CORPORATION and DEMETRIUS WILEY, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Control Plan Level Three, Rule 190.3.

### II.
### JURISDICTION AND VENUE

2.  This court has jurisdiction over the parties because Defendant COSTCO WHOLESALE CORPORATION, is a for-profit corporation, and was doing business in Collin County and have principal place of business in Texas. Additionally, Defendant Demetrius Wiley is a Dallas County resident and a resident of the State of Texas at the time of the incident in question and at the time of the filing of this petition.

3. Venue is proper in Collin County because the events leading to this cause of action occurred in Collin County, Texas, on Defendant COSTCO WHOLESALE CORPORATION's premises.

### III.
### PARTIES AND SERVICE

4. Plaintiff, MARIA CABRERA brings this action individually. Plaintiff resides in Collin County, Texas.

5. COSTCO WHOLESALE CORPORATION is a foreign corporation doing business in Texas, and service of process may be affected upon said Defendant by serving the registered agent, CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201 through certified mail, return receipt requested. This Defendant may also be served by and through any other legal means via private process server in the State of Texas. Additionally, service is requested through the Texas Secretary of State, Service of Process, Secretary of State, P.O. Box 12079 Austin, Texas 78711-2079.

6. DEMETRIUS WILEY is an individual who resides in Dallas County at 821 Wood Glen, DeSoto, Texas 75115, and may be served with process at his place of employment, located at: Costco, 3800 N. US 75 Central Expressway, Plano, Texas 75074, or this Defendant may be served at any location where any process server may serve process on this Defendant.

### IV.
### FACTS

7. This cause of action arises out of a tragic fall that occurred as a result of Defendants' collective and individual negligence. The events surrounding Defendants' negligence that caused Plaintiff's severe injuries occurred on Defendant COSTCO WHOLESALE CORPORATION'S premises, located at 3800 N. US 75 Central Expressway, Plano, Texas 75074 on or about May 7,

2021. On or about the date in question, Plaintiff, MARIA CABRERA was injured as a result of a slip and fall. Defendant COSTCO WHOLESALE CORPORATION was the owner and occupier of the premises on the date in question.  Defendant, DEMETRIUS WILEY, is a manager at COSTCO WHOLESALE CORPORATION.  At all times, Defendant COSTCO WHOLESALE CORPORATION occupied and controlled the premises in question.  At all times, Plaintiff, MARIA CABRERA, was an invitee of Defendant COSTCO WHOLESALE CORPORATION.

8. The incident on May 7, 2021, was proximately caused by the negligence and gross negligence of DEMETRIUS WILEY and COSTCO WHOLESALE CORPORATION, individually and by and through its officers, employees, representatives, and/or agents, for failing to maintain the premises, and failing to warn their invitees of the dangerous conditions.  Plaintiff was at the Costco retail outlet located at 3800 N. US 75 Central Expressway, Plano, Texas 75074, and slipped on a dangerous and slippery substance that was on the bathroom stall floor.  Further, Defendant COSTCO WHOLESALE CORPORATION failed to maintain their restroom in such a manner as to consistently allow disabled persons to safely enter the restroom stall on a wheelchair. As a result of the dangerous condition of the floor Plaintiff slipped, falling on the tile surface injuring her cervical spine, lumbar spine, head, left arm, left elbow, left leg, and left knee.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS

### A.
### NEGLIGENCE

9. The condition of the premises at 3800 N. US 75 Central Expressway, Plano, Texas 75074 was a dangerous condition, which Defendants knew or should have reasonably known posed a danger to their invitees. Defendants are jointly and severally responsible for each and every of the following acts of negligence:

a. in failing to warn invitees of the dangerous condition of the wet substance on the floor;

b. in failing to remedy or remove the dangerous condition on the floor within a reasonable time;

c. in failing to place barricades or cones around the wet tile surface;

d. in failing to prevent slippery substances or liquids from accumulating on the floor;

e. in failing to adequately train employees to safely recognize and or remove dangerous conditions that were either known or should have been known in terms of the existence of such dangerous condition on the day in question and the days leading up to the day in question;

f. in failing to adequately and safely monitor the area surrounding the dangerous condition; and

g. in failing to maintain the area surrounding the dangerous condition.

10. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which Defendants, COSTCO WHOLESALE CORPORATION and DEMETRIUS WILEY, in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her life.

### B.
### RESPONDEAT SUPERIOR

11. At all times material hereto, all of the agents, servants, and/or employees for Defendants COSTCO WHOLESALE CORPORATION who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant COSTCO

WHOLESALE CORPORATION are further liable for the negligent acts and omissions of its employees under the Doctrine of Respondeat Superior.

## C.
## GROSS NEGLIGENCE

12. The above referenced acts and/or omissions by Defendants constitute gross negligence as the term is defined in §41.001(11) of the Texas Civil Practice & Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with a conscious indifference to the rights, safety, and welfare of others. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## STATUTORY EXEMPLARY DAMAGES

13. Plaintiff sues pursuant to Section 41.003(a)(2), Texas Civil Practice and Remedies Code, to recover punitive and exemplary damages against Defendants based on the Defendants' knowledge of the extreme degree of risk involved to invitees such as MARIA CABRERA and conscious indifference to the rights, safety, and welfare of others.

## VII.
## DAMAGES FOR PLAINTIFF MARIA CABRERA

14. As a direct result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to her left knee and her body generally. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MARIA CABRERA has incurred the following damages:

    1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and

        customary charges for such services in Collin County, Texas;
2. Physical pain and suffering in the past;
3. Physical pain and suffering in the future;
4. Mental anguish in the past;
5. Mental anguish in the future;
6. Physical impairment in the past;
7. Physical impairment in the future;
8. Physical disfigurement in the past;
9. Physical disfigurement in the future;
10. Reasonable future medical costs;
11. Loss of Household Services in the past;
12. Loss of Household Services in the future;
13. Exemplary Damages

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### VIII.
### PLAINTIFF'S NOTICE TO DEFENDANT COSTCO WHOLESALE CORPORATION OF SELF AUTHENTICATION UNDER RULE 193.7

15. Plaintiff hereby gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by Defendant COSTCO WHOLESALE CORPORATION in response to written discovery, authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff fully intends to use any and all documents produced by the Defendant COSTCO WHOLE SALE CORPORATION as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendant COSTCO WHOLESALE CORPORATION notice of Plaintiff's intent.

### IX.
### PLAINTIFF'S NOTICE TO DEFENDANT DEMETRIUS WILEY OF SELF AUTHENTICATION UNDER RULE 193.7

16. Plaintiff hereby gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by Defendant DEMETRIUS WILEY in response to written discovery, authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff

fully intends to use any and all documents produced by the Defendant DEMETRIUS WILEY as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendant DEMETRIUS WILEY notice of Plaintiff's intent.

## X.
## RULE 47 DAMAGES NOTICE

17.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff MARIA CABRERA seeks monetary relief within the jurisdictional limits of the Court. Plaintiff seeks monetary relief in the amount over one million dollars ($1,000,000) and a demand for judgment for all the other relief to which Plaintiff deems herself justly entitled at the time of the filing of this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XI.
## JURY DEMAND

18.     Plaintiff requests that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fees has been paid by Plaintiffs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MARIA CABRERA respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Esteban Contreras
Esteban Contreras

7

Texas State Bar No. 24105619<br>
Glen F. Larson<br>
Texas State Bar No. 24037817<br>
The Law Offices of Glen F. Larson, PLLC<br>
5113 Southwest Pkwy, Suite 190<br>
Austin, Texas 78735<br>
512-387-5436 (Office)<br>
512-727-0999 (Fax)<br>
Service@glenlarsonlaw.com (Service email)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 74664337
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff Maria Cabrera's Original Petition
Status as of 4/17/2023 11:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 4/14/2023 2:06:03 PM | SENT |